1
2
3
4
5
6
7
8
9           **UNITED STATES DISTRICT COURT**
10         **SOUTHERN DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| REID YEOMAN and RITA MEDELLIN, on behalf of themselves and all others similarly situated | CASE NO. 11cv701 WQH (BGS) |
| Plaintiffs, | ORDER |
| vs. | |
| IKEA U.S. WEST, INC.; DOES 1-50, inclusive, | |
| Defendants. | |

HAYES, Judge:

      The matters before the Court are Plaintiffs' Objections to the Magistrate Judge's Order Granting in Part and Denying in Part Plaintiffs' Motion to Reopen Discovery and Extend Expert Deadlines. (ECF No. 114).

## I.    Background

      On November 8, 2011, Plaintiffs filed the First Amended Class Action Complaint, which is the operative pleading. (ECF No. 25). Plaintiffs allege that they purchased items from an Ikea store using a credit card, and that, "[d]uring the credit card transaction, the cashier asked plaintiff[s] for [plaintiffs'] ZIP code.... [B]elieving [plaintiffs were] required to provide the requested information to complete the transaction, [plaintiffs] provided it." *Id.* at 3. Plaintiffs allege that Defendant has a

uniform policy of requesting and recording ZIP codes from customers during credit card transactions, in violation of California's Song-Beverly Credit Card Act of 1971.[1] *Id.* at 2.

On July 10, 2012, the parties filed a Joint Motion to Continue Existing Deadlines to Complete Fact Discovery and to Exchange Expert Witness Disclosures (ECF No. 48) The Magistrate Judge found good cause to extend discovery solely to take an additional 30(b)(6) witness deposition, but did not find good cause to otherwise extend the fact or expert discovery deadlines.  (ECF No. 50).  The deadline to exchange expert reports remained set for September 17, 2012, and the deadline to exchange expert reports remained set for October 19, 2012.  (ECF Nos. 42, 50).

On September 7, 2012, Defendant filed a Motion to Decertify the Class pursuant to Federal Rule of Civil Procedure 23(c).  (ECF No. 51).  Defendant included a declaration from John Robinson, Treasurer for Ikea North America, in support of its motion to decertify the class.  (Robinson Decl., ECF No. 51-7).  In his declaration, Robinson stated that, "Visa-branded and MasterCard-branded Signature Debit Cards appear in Ikea's transaction logs as 'VISA' and 'MC' transactions," rather than as 'DEBT' for a debit card transaction. *Id.* at ¶¶ 6-7. "It cannot be ascertained from any of Ikea's data or records (including transaction logs, transaction receipts, or any other

---

[1]The Song-Beverly Credit Card Act provides:

> [N]o person, firm, partnership, association, or corporation that accepts credit cards for the transaction of business shall do any of the following: ...

> Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise....

> For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number.

Cal. Civ. Code § 1747.08.

data available to Ikea), whether a transaction in the transaction log listing the tender type as 'MC' or 'VISA' was a credit card transaction or was a 'signature debit card transaction.'" *Id*. at ¶ 9. Robinson stated that from February 1, 2010 to the present, customers dictate whether their purchases using signature debit cards are processed as a traditional debit transaction requiring a PIN, or as a credit transaction requiring a signature. *Id*. at ¶¶ 10-11. Robinson also stated that, "Ikea has never kept a record of the customers' responses to this prompt, and their responses cannot be ascertained from the transaction logs or any other of Ikea's data or records." *Id*. at ¶ 11.

On February 27, 2013, the Court denied Defendant's motion to decertify the class. (ECF No. 93). The Court's Order modified the class definition to:

> [A]ll persons from whom Ikea requested and recorded a ZIP Code in conjunction with a credit card transaction in California from February 16, 2010 through February 28, 2011 (the 'Class'). Excluded from the Class are (i) transactions wherein personal information was required for a special purpose incidental but related to the individual credit card transaction, including, but not limited to, information relating to shipping, delivery, servicing, or installation of the purchased merchandise, or for special orders; (ii) transactions wherein a credit card issued to a business was used; and (iii) transactions executed at self-checkout kiosks.

*Id*.

On April 26, 2013, Plaintiffs filed a Motion to Reopen Discovery for a Limited Purpose and to Extend Expert Deadlines for a Limited Purpose ("Motion to Reopen"). (ECF No. 100). Specifically, Plaintiffs moved to reopen discovery for Plaintiffs to "gain access to and review [Defendant's] transaction logs, databases, and records with respect to its credit card transactions and its customers' information collected from February 16, 2010 through February 28, 2011." (ECF No. 100-1 at 3). In addition, Plaintiffs moved to extend expert discovery so that they may retain an additional expert consultant. *Id*. Finally, Plaintiffs moved to extend expert discovery so that they may take depositions of eight witnesses Defendant disclosed in August, 2012, as well as complete the deposition of Dr. Dennis H. Tootelian, which was cut short due to Dr. Tootelian's illness. *Id*. Defendant did not oppose the taking of Dr. Tootelian's deposition, but did oppose Plaintiffs' requests to reopen discovery and extend time to

take the other expert witness depositions. (*See* Opp'n, ECF No. 102). On July 10, 2013, the Magistrate Judge issued an Order Granting in Part and Denying in Part Plaintiffs' Motion to Reopen Discovery and Extend Expert Deadlines. (ECF No. 114). On July 23, 2013, Plaintiffs filed objections to the Order. (ECF No. 116). On August 12, 2013, Defendant filed a Response to Plaintiffs' Objections. (ECF No. 118). On August 19, 2013, Plaintiffs filed a Reply in support of their Objections. (ECF No. 119). On September 9, 2013, Plaintiffs filed a Notice of Supplemental Evidence in support of their Objections. (ECF No. 120). On September 23, 2013, Defendant filed a Response to Plaintiffs' Notice of Supplemental Evidence. (ECF No. 121).

## II.    Discussion

Pursuant to 28 U.S.C. § 636(b)(1)(A), this Court reviews the Magistrate Judge's Order under a "clearly erroneous or contrary to law" standard. *See Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983) ("Where a magistrate is designated to hear a discovery motion, '[a] judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate's order is clearly erroneous or contrary to law.'") (quoting 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a) ("[t]he district judge in the case must consider timely objections [to nondispositive matters] and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). "Matters concerning discovery generally are considered 'nondispositive' of the litigation." *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). "Review under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. v. Constr. Laborers Pension Trust,* 508 U.S. 602, 623 (1993); *see also Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (same). "[T]he magistrate judge's decision ... is entitled to great deference by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001).

Plaintiffs object to the denial of their motion to reopen discovery and extend expert deadlines, arguing that the Magistrate Judge committed clear error in his

findings.  (*See* ECF No. 116).  Plaintiffs contend that Plaintiffs established excusable neglect under Fed. R. Civ. P. 6(b)(1); and that the requested discovery is warranted under Fed. R. Civ. P. 26(b)(2)(C).  *Id.* at 2.  The Court reviews each of Plaintiffs' objections to the Magistrate Judge's Order in turn under the "clearly erroneous and contrary to law" standard.

### A.    Excusable Neglect Under Fed. R. Civ. P. 6(b)(1)

The legal standard that applies to Plaintiffs' request to reopen discovery to determine the size of the class is set out in Federal Rule of Civil Procedure 6(b).  The rule provides, "When an act may or must be done within a specified time, the court may, for good cause, extend time ... on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).

In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 295 (1993), the United States Supreme Court establishes a four-part balancing test for determining "excusable neglect."  The factors include: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, and (4) whether the moving party's conduct was in good faith.  *Id.* at 395.  The weighing of the equitable factors is left to the discretion of the court.  *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

In this case, the Magistrate Judge "thoroughly reviewed all of the papers filed by both parties, not only with respect to the pending discovery motion, but also all of the papers filed in support of and in opposition to Defendant's motion to decertify, Plaintiffs' motion to strike evidence, Plaintiffs' motion to exclude witnesses, as well as [the Magistrate Judge's] orders on same."  (ECF No. 114 at 2).  Upon careful review of the record, the Magistrate Judge considered each of the four factors in *Pioneer* and determined that there was not excusable neglect.  (ECF No. 114, 8-16).

Plaintiffs contend that the Magistrate Judge's finding that Plaintiffs had not established excusable neglect under Federal Rule of Civil Procedure 6(b)(1) is clear error because "[t]hese findings are based on evidence [P]laintiff[s] received *after* the

close of discovery ... and a misreading of the record." (ECF No. 116 at 4). Plaintiffs contend that "... [Defendant] provided inconsistent evidence to Plaintiff[s] that cannot possibly be reconciled." (ECF No. 100-1 at 2). Plaintiffs contend that Defendant "effectively revers[ed] the position it took throughout the case and ignor[ed] previous discovery responses it had provided under oath." (ECF No. 116 at 2). Specifically, Plaintiffs contend that "Prior to the Court certifying the Class in this action, Ikea consistently informed Plaintiff[s] ... that Ikea's records can distinguish between credit card transactions and debit card transactions." (ECF No. 100-1 at 2). Plaintiffs contend that "after the close of discovery, [Defendant] submitted contradictory evidence from [Defendant's] Treasurer, John Robinson, stating that Ikea's records cannot differentiate between credit card transactions and debit card transactions – a clear contradiction to evidence provided during discovery." *Id*. Plaintiffs contend that this alleged inconsistency in the evidence establishes excusable neglect, and warrants reopening discovery to allow Plaintiffs to "gain access to and review [Defendant's] transaction logs, databases, and records with respect to its credit card transactions and its customers' information collected from February 16, 2010 through February 28, 2011." *Id*. at 2-3.

### 1.  The Danger of Prejudice to Defendant

In response to Plaintiffs' arguments regarding inconsistent evidence, the Magistrate Judge reconciled the allegedly "contradictory evidence" provided by Defendant, concluding that:

> ... Defendant answered truthfully throughout discovery, but was not fully aware of the issue when it first responded to the interrogatories. Eventually, Defendant learned that the transaction logs did not in fact differentiate between MC and VISA signature debit card transactions that were processed like credit transactions versus transactions where a PIN was inputted.

(July 10, 2013 Order, ECF No. 114 at 9 (citing Pls.' Reply at Ex. A, ECF No. 105-2; Decl. Geibelson at Exs. B-C, ECF No. 70-1; Decl. Robinson, ECF No. 51-7)). The Magistrate Judge found that Robinson's deposition testimony reveals that "Ikea does receive information that allows it to make that distinction [between MC and VISA

signature debit and signature credit transactions],” in the form of monthly summary reports, not the transaction logs. *Id*. at 10. Even Plaintiffs’ own expert, Mr. McCormack, “understood the information that would be needed to determine an estimated number of VISA and MC transactions that are actually signature debit transactions.” *Id*. (citing Opp’n at Ex. H, ECF No. 102-2 at 129-132). “Mr. McCormack opined that he might be able to approximate the number of MC and VISA signature debit transactions by first determining the ratio of credit and signature debit transactions at each store from monthly summary statements sent by MC and VISA” and then applying that ratio to Ikea’s transaction log files. (ECF No. 114 at 10). “McCormack admitted, however, that he had not conducted that analysis and had not requested the data necessary to conduct the relevant analysis.” *Id*. The Magistrate Judge stated: “There is nothing before the Court indicating that Plaintiffs ever made a request for the summary reports.” *Id*.

The Magistrate Judge reconciled the allegedly contradictory information, and found no evidence of an intentional or unintentional misrepresentation. *Id*. The Magistrate Judge instead found that the evidence reveals a misunderstanding on the part of Plaintiffs’ counsel. *Id*. at 9. The Court finds no clear error, and concludes that the Magistrate Judge’s Order is supported by the record.

In addition to their arguments about the “contradictory evidence,” Plaintiffs contend that their need for additional evidence outweighs any prejudice to Defendant. (ECF No. 116 at 3). “...[U]nder the Magistrate’s Order, [P]laintiff[s] will be punished for [D]efendant’s failure to comply with its discovery obligations.” *Id*. Plaintiffs contend that “[a]dditional discovery into Ikea’s transaction data and information (beyond the transaction logs) is the only way to test Ikea’s ‘new’ evidence.” *Id*. The Magistrate Judge did not find Defendant’s discovery responses to be in conflict with any later discovery, and this conclusion is supported by the record. The Magistrate Judge also found that “there is danger Defendant will be prejudiced by reopening discovery this late into the case.” (ECF No. 114 at 9). “Three additional months is not

an insubstantial delay where the case would otherwise be primed for a final pretrial conference and trial." *Id*. Defendant would be prejudiced by additional costs associated with Plaintiff designating an additional witness. *Id*. Defendant would "incur additional costs by having to designate an expert of its own to rebut whatever Plaintiffs' new expert offers opinions about, as well as to incur costs reviewing Plaintiffs' expert's opinions and taking the expert's deposition." *Id*.

The Magistrate Judge found that if the scheduling order is amended to reopen discovery, the danger of prejudice to Defendant weighs against a finding of excusable neglect. *Id*. at 10-11. The Court finds no clear error in this conclusion.

### 2. The Length of Delay and Its Potential Impact on Judicial Proceedings

The Magistrate Judge found that the length of the delay Plaintiffs seek weighs against finding Plaintiffs' neglect to be excusable. *Id*. at 11. Plaintiffs seek a three month extension for fact and expert discovery. (ECF No. 100-1 at 3). The Magistrate Judge found that "the total delay will be 12 months because Plaintiffs waited nine months before making the request to reopen...." (ECF No. 114 at 11). "At this stage in the proceedings and given the many other discovery extensions the parties received, the delay is significant." *Id*. The Court finds no clear error in the Magistrate Judge's conclusion that the length of the proposed delay would impact judicial proceedings.

### 3. The Reason for the Delay

Plaintiffs contend that the reason for their delay in requesting to reopen discovery is that they first learned that Defendant cannot distinguish between MC and VISA signature debit and signature credit cards on September 7, 2012 in Robinson's declaration in support of Defendant's motion to decertify.[2] (ECF No. 100-1 at 8). Plaintiffs contend that they chose not to file a motion to reopen discovery "while [Defendant's] motion to decertify was pending because had the Court decertified the class, Plaintiff[s] would have no further need to obtain information about Class

---

[2] The record reveals that the same information was made available to Plaintiffs on August 3, 2012 in Defendant's First Exchange of Expert Witness Information. (*See* Opp'n Ex. F, ECF No. 102-2 at 57-60).

members." *Id*.  On February 27, 2013, the decision on the motion to decertify was issued, and Plaintiffs waited "another two months before filing the motion to reopen discovery because they were in the process of filing briefs related to the Amended Motion to Compel Notice." (July 10, 2013 Order, ECF No. 114 at 12).

The Magistrate Judge considered Plaintiffs' reason for the requested three-month delay in discovery, and found that "the reason for the delay was completely in Plaintiffs' control.  The only stated basis for the delay was a strategic decision by counsel not to spend the time and money pursuing this discovery while Plaintiffs focused on other aspects of the case." *Id*. at 13.  The Magistrate Judge correctly found that "tactical decisions do not amount to affirmative showings of excusable neglect under Rule 6(b)." *Id*. (citing *African Am. Voting Rights Legal Defense Fund, Inc. v. Villa*, 54 F.3d 1345, 1350 (8th Cir. 1995); *see also Sil-Flo, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1519 (10th Cir. 1990) (characterizing failure to timely file a counterclaim as tactical, and thus not due to excusable neglect); *Level 3 Commc'ns, Inc.*, No. 11cv01258 BTM (MDD), 2012 WL 4848929, at *8 (S.D. Cal. Oct. 11, 2012) ("a deliberate decision" is "not excusable neglect")).

The Magistrate Judge found Plaintiffs' proffered reasons for the delay in requesting to reopen discovery to be tactical choices, and found that the reasons weigh against a finding of excusable neglect. (ECF No. 114 at 13).  The Court finds no clear error, and finds the Magistrate Judge's conclusion to be supported by both the record and the applicable law.

### 4.  Whether Plaintiffs' Conduct Was in Good Faith

The Magistrate Judge found that "It does not appear ... that the calculated decision to wait this many months before asking to reopen discovery was in good faith. Plaintiffs made a willful and deliberate decision to act in the manner they have." *Id*. However, the Magistrate Judge also found Plaintiffs' actions were not "devious ... or bad faith failure...." *Id*.  (citing *TCI Group Life Ins. Plan*, 244 F.3d 691, 698 (9th Cir. 2001)).  Therefore, the Magistrate Judge found that the factor "does not weigh in either

1  party's favor." *Id.*

2      The Magistrate Judge considered each of the factors set forth in *Pioneer*, and

3  found that "the prejudice to Defendant, along with the delay to the case, and the fact

4  that the delay was within Plaintiffs' control, weighs against determining that the neglect

5  was excusable." *Id.* at 14. The Court has reviewed the Magistrate Judge's findings, the

6  record, and the applicable law, and does not find his order to be clearly erroneous or

7  contrary to law. *See Rockwell,* 712 F.2d at 1325.

8      **B.    Federal Rule of Civil Procedure 26(b)(2)(C)**

9      The Magistrate Judge found that "Notwithstanding Plaintiffs' failure to establish

10  excusable neglect to warrant reopening discovery, ... the discovery is not warranted

11  under Federal Rule of Civil Procedure 26(b)(2)(C)." (ECF No. 114 at 14).

12      Rule 26(b)(2)(C) requires the Court to limit the frequency or extent of
        discovery if it determines that the discovery is unreasonably cumulative,
13      duplicative, or can be obtained from some other source that is more
        convenient, less burdensome, or less expensive. Rule 26 also requires that
14      the Court limit discovery if the party seeking the discovery has had ample
        opportunity to obtain the information; or the burden or expense of the
15      proposed discovery outweighs its likely benefit.

16  *Id.* (citing Fed. R. Civ. P. 26(b)(2)(C)).

17      Plaintiffs' second objection is that "[The Magistrate Judge's] finding that the

18  requested discovery is not warranted [under Federal Rule of Civil Procedure

19  26(b)(2)(C)] was also in error." (ECF No. 116 at 7). Specifically, Plaintiffs contend

20  that the requested discovery is warranted, and not duplicative, because they "ha[ve] not

21  had access to the information requested." *Id.* "Plaintiff[s] ha[ve] asked for new

22  information based on Ikea's claim ... that the transaction records ... do not distinguish

23  between debit and credit transactions." *Id.*

24      The record supports the Magistrate Judge's finding that Plaintiffs' request to

25  reopen discovery is duplicative because "Plaintiffs were provided with the transaction

26  data they now want to investigate." (ECF No. 114 (citing Opp'n, ECF No. 102-2 at 9,

27  Decl. Kawabata ¶¶ 3-6)). "In addition to producing transaction data where all valid ZIP

28  codes were recorded, Defendant also produced the raw data for all transactions,

regardless of whether they were credit card transactions, debit card transactions, or transactions where valid ZIP codes were not provided." *Id*. "Plaintiffs admit that they received the transaction data from Defendant's Access database during the discovery period." *Id*. (citing Pls.' Reply at 5, ECF No. 105).

The Magistrate Judge found that the burden and expense of reopening discovery outweighs any potential benefit because "it is not clear whether any additional information exists that will concretely establish the number of *credit card* transactions where Defendant requested and recorded the customer's ZIP code." (ECF No. 114 at 15). Plaintiffs' own expert "essentially conceded that discovery they now seek will not accurately determine the size of the class." *Id*. The Magistrate Judge found that Plaintiffs have not explained how additional discovery will affect the disposition of the case. In their opposition to Defendant's motion to decertify, "Plaintiffs conceded that the fact that Defendant's records do not distinguish between certain credit and debit transactions is irrelevant because 'by definition, individuals who did not make a purchase with a credit card are not members of the Class and they can determine themselves from the criteria set forth in the Class definition.'" *Id*. (citing ECF No. 67 at 12).

The Magistrate Judge concluded:

> In the case at bar, Defendant has explained why it cannot differentiate these types of transactions in its logs and has also produced all of the transaction logs, as well as the Access database. There is no reason to believe that additional investigation into the transaction logs and databases will be anything other than time consuming, costly, duplicative, and likely unfruitful. Any benefit to conducting this additional investigation is far outweighed by the burden and expense that both parties will incur.

*Id*. The Court finds the Magistrate Judge's finding that additional discovery is not warranted under Federal Rule of Civil Procedure 26(b)(2)(C) not to be clearly erroneous or contrary to law. *See Rockwell,* 712 F.2d at 1325.

///

///

**III.    Conclusion**

IT IS HEREBY ORDERED that the Objections to the Order Granting in Part and Denying in Part Plaintiffs' Motion to Reopen Discovery and Extend Expert Deadlines (ECF No. 116) filed by Plaintiffs are OVERRULED.

DATED:  October 22, 2013

**WILLIAM Q. HAYES**
United States District Judge