1
2
3
4
5
6
7
8

9           **UNITED STATES DISTRICT COURT**

10          **SOUTHERN DISTRICT OF CALIFORNIA**

11

| 12 | REID YEOMAN and RITA | CASE NO. 11cv701 WQH |
| 13 | MEDELLIN, on behalf of themselves and all others similarly situated | (BGS) |
| 14 | Plaintiffs, | ORDER |
| 15 | vs. | |
| 16 | IKEA U.S. WEST, INC.; DOES 1-50, inclusive, | |
| 17 | Defendants. | |

18      HAYES, Judge:

19          The matter before the Court is the Amended Motion to Compel Notice to the

20      Certified Class filed by Plaintiffs Reid Yeoman and Rita Medellin.  (ECF No. 95).

21      **I.    Background**

22          On November 8, 2011, Plaintiffs filed the First Amended Class Action Complaint

23      ("Complaint").  (ECF No. 25).  Plaintiffs allege that they purchased items from an Ikea

24      store using a credit card, and that, "[d]uring the credit card transaction, the cashier asked

25      plaintiff[s] for [plaintiffs'] ZIP code.... [B]elieving [plaintiffs were] required to provide

26      the requested information to complete the transaction, [plaintiffs] provided it." *Id.* at

27      3. Plaintiffs allege that Defendant has a uniform policy of requesting and recording ZIP

28      codes from customers during credit card transactions, in violation of California's

Song-Beverly Credit Card Act of 1971.[1]  *Id.* at 2.

On January 13, 2012, Plaintiffs filed a motion for class certification (ECF No. 30), which the Court granted on May 4, 2012.  (ECF No. 43).  The Court certified the following class:

> [A]ll persons from whom Ikea requested and recorded a ZIP Code in conjunction with a credit card transaction in California from February 16, 2010 through the date of trial in this action (the 'Class').

> Excluded from the Class are (i) transactions wherein personal information was required for a special purpose incidental but related to the individual credit card transaction, including, but not limited to, information relating to shipping, delivery, servicing, or installation of the purchased merchandise, or for special orders; and (ii) transactions wherein a credit card issued to a business was used.  Also excluded from the Class are the officers and directors of Defendant and of its corporate parents, subsidiaries and affiliates, or any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities, and the Court to which the matter is assigned.

*Id.* at 15.

On September 7, 2012, Defendant filed a Motion to Decertify the Class pursuant to Federal Rule of Civil Procedure 23(c) ("Motion to Decertify").  (ECF No. 51).  On November 1, 2012, Plaintiffs filed a Motion to Compel Notice to the Certified Class ("Motion to Compel Notice").  (ECF No. 74).  On February 27, 2013, the Court granted in part and denied in part Defendant's motion to decertify the class (ECF No. 93), and

---

[1] The Song-Beverly Credit Card Act provides:

> [N]o person, firm, partnership, association, or corporation that accepts credit cards for the transaction of business shall do any of the following: ...

> Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise....

> For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number.

Cal. Civ. Code § 1747.08.

modified the class definition to:

> [A]ll persons from whom Ikea requested and recorded a ZIP Code in conjunction with a credit card transaction in California from February 16, 2010 through February 28, 2011 (the 'Class'). Excluded from the Class are (i) transactions wherein personal information was required for a special purpose incidental but related to the individual credit card transaction, including, but not limited to, information relating to shipping, delivery, servicing, or installation of the purchased merchandise, or for special orders; (ii) transactions wherein a credit card issued to a business was used; and (iii) transactions executed at self-checkout kiosks.

*Id.* at 28-29. The February 27, 2013 Order also denied Plaintiffs' Motion to Compel Notice without prejudice and with leave to amend "in light of the Court's decision to both modify the class period and exclude transactions conducted at self-checkout kiosks from the class definition...." *Id.* at 28.

On March 28, 2013, Plaintiffs filed an Amended Motion to Compel Notice to the Certified Class ("Amended Motion to Compel Notice"). (ECF No. 95). Along with the Amended Motion to Compel Notice, Plaintiffs included three proposed notices that were "modified to conform to the revised Class definition, and the parties have agreed to the substance of the proposed notices." *Id.* at 2; Declaration of Gene J. Stonebarger ("Stonebarger Decl.") Exh. A "Long Form Notice," ECF No. 95-2; Exh. B "In-Store Notice," ECF No. 95-3; and Exh. C "Short Form Notice," ECF No. 95-4. Plaintiffs indicate that the parties have agreed upon the following notice procedures: (1) publication notice on a website containing a copy of the Long Form Notice, case information, and contact information for Class Counsel; and (2) posting the In Store Notice at the customer service desk located in each of Ikea's California retail stores. (ECF No. 95 at 3). Plaintiffs contend that the parties, "have met and conferred ... regarding a proposed notice plan but dispute whether notice should be disseminated to potential class members by email and whether notice should be posted at the point-of-sale locations in Ikea's California stores. The parties also dispute who bears the cost of notice." (ECF No. 95 at 2).

On April 15, 2013, Defendant filed an opposition to Plaintiffs' Amended Motion to Compel Notice. (ECF No. 96). Defendant contends that "[P]laintiff[s'] plan for e-

mail to all of Ikea's customers and posting at every point of sale throughout its stores should be rejected in favor of the other two methods proposed: (1) website notice, and (2) a single posting in each store where Ikea's other notices to customers are placed." *Id*. at 6.  Plaintiffs request that, "if direct notice is ordered, then the notice should be accompanied by a questionnaire to putative class members that will allow the Court and the parties to define the claims to be tried and validate the process the Court envisions for trial...."  *Id*. at 8.  Defendant attached a proposed questionnaire as Exhibit A.  (ECF No. 96-1).  On April 22, 2013 Plaintiffs filed a reply.  (ECF No. 98).

**II.     Discussion**

Plaintiffs seek an order from this Court that, in addition to the two methods of notice agreed upon by the parties, "the In-Store Notice should be posted (in tear-away form) at the point-of-sale locations in each of Ikea's California stores."  (ECF No. 95 at 3).  "Plaintiff[s] also propose[] that the Short Form Notice ... be sent via email to all of Ikea's customers for whom Ikea maintains an email address."  *Id*.  Finally, Plaintiffs contend that "the cost of notice should be borne by Ikea...."  *Id*.

Federal Rule of Civil Procedure 23(c)(2)(B) provides that "[f]or any class certified under Rule 23(b)(3), the Court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Rule 23(c)(2)(B) provides that the notice must:

> clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of class judgment on members under Rule 23(c)(3).

*Id*.

The parties in this case have "generally agreed to the substance of the notice...." (ECF No. 95 at 4).  Having reviewed the proposed notices, the Court finds that these

notices satisfy the requirements of Rule 23(c)(2)(B).[2]  Specifically, the Court approves of the forms of notice attached to Plaintiffs' Amended Motion to Compel Notice as Exhibits A, B, and C.  (ECF Nos. 95-2, 95-3, 95-4).  The Court also approves of the procedures agreed upon by the parties: (1) publication notice on a website containing a copy of the Long Form Notice, case information, and contact information for Class Counsel; and (2) In-Store Notice posted at the customer service desk located in each of Ikea's California retail stores.  (ECF No. 95 at 3).  The Court reviews each of Plaintiffs' additional proposed notice procedures to determine if they are the "best practicable under the circumstances" as required by Rule 23(c)(2)(B).

### A.  Notice at Point-of-Sale Locations

Plaintiffs contend that, "... posting a summary notice at each point-of-sale location in Ikea's California retail stores is economical and reasonably designed to reach Ikea's customers who are likely to have previously purchased at Ikea during the Class period and included in the Class."  (ECF No. 95 at 2).  Plaintiffs contend that, "[p]roviding notice at the location where the conduct at issue originally occurred is most likely to reach Class members and is the most visible to them."  *Id*. at 7.  "...[P]otential Class members will pass through the point of sale locations at Ikea stores but only a small percentage will go to the customer service counter."  *Id*.

Defendant contends that posting notices at each point-of-sale location "is not practicable and is an unreasonable request that will have a negative impact on Ikea's reputation with current and future customers (the vast majority of whom are not members of the class) and interfere with its legitimate interest in efficiently serving its customers."  (ECF No. 96 at 15).  Defendant asserts that "the presence of notices at the

---

[2] To the extent that the proposed notices advise potential Class members that they may "keep any rights to sue Ikea separately about the same claims in this lawsuit," (ECF No. 95-2 at 2; 95-4 at 2), the Court does not make any determination as to whether individuals could bring a claim against Defendant under the The Song-Beverly Credit Card Act should they request to be excluded from the Class.  *See, e.g.* Cal. Civ. Code § 1747.08 (violations of the Song-Beverly Credit Card Act have a one-year statute of limitations).

1  dozens of points of sale is likely to result in questions from customers to cashiers about
2  the action, about the class, and about membership." *Id*. at 16.

3      Plaintiffs cite numerous cases to support their position that posting notice in a
4  conspicuous retail location is an appropriate notice procedure. (ECF No. 95 at 6).
5  However, in none of the cases cited by Plaintiffs did the court specifically approve of
6  multiple postings per retail location, or posting at each point-of-sale. *See Ersler v.*
7  *Toshiba America, Inc.*, CV-07-2304, 2009 U.S. Dist. LEXIS 14374, at *3 (E.D.N.Y.
8  Feb. 24, 2009) (approving a plan to post notice at retailers where alleged defective
9  televisions are sold); *In re Domestic Air Transp. Antitrust Litig.*, 141 F.R.D. 534, 550-
10 51 (N.D. Ga. 1992) (approving a plan to post notice in ticket offices); *Galvan v. KDI*
11 *Distrib.*, SACV 08-0999, 2011 U.S. Dist. LEXIS 127602, at *12-13 (C.D. Cal. Oct. 25,
12 2011) (approving plan to post notice at retail stores where prepaid calling cards at issue
13 are sold); *Fiore v. Goodyear*, No. 2:09-cv-843, 2011 U.S. Dist. LEXIS 24371, at *11
14 (M.D. Fla. Mar. 10, 2011) (approving plan that placed only one notice form in each
15 retail store); *Todd v. Retail Concepts Inc.*, No. 3:07-0788, 2008 U.S. Dist. LEXIS
16 117126, at *7 (M.D. Tenn. Aug. 22, 2008) (approving "one in-store posting" at or near
17 the cash register of each retail store).

18     The Court finds that posting notices at each point-of-sale location in each of
19 Ikea's California locations is not practicable and not supported by law. The Court finds
20 that posting notice at each point-of-sale location is likely to cause confusion and would
21 encourage inquiries by non-class members, which could interfere with Ikea's reputation
22 and business. *See Macarz v. Transworld Sys., Inc*., 201 F.R.D. 54, 64 (D. Conn. 2001)
23 (stating that "sending notice to the admittedly over-inclusive group here would most
24 likely confuse the recipients and encourage [inquiries] by non-class members."); *In re*
25 *Domestic Air*, 141 F.R.D. at 539-46 (same). The Court finds that posting notices at
26 each point of sale is not practicable under the circumstances, and is therefore not
27 required by Rule 23. Fed. R. Civ. P. 23(c)(2)(B). The Court denies Plaintiffs' request
28 to order notice to be posted at each point-of-sale location in Ikea's California retail

1    stores.

2                    **B.    Notice by Email**

3            Plaintiffs contend that, "notice by email is effective, economical, and satisfies the

4    requirements of Fed. R. Civ. P. 23(c)(2)(B).  Email notice to Ikea's customers for whom

5    Ikea has email information is appropriate because it is the most cost effective manner

6    to directly reach a significant number of potential Class members."  (ECF No. 95 at 2).

7

8            Defendant contends that email notice "is so substantially over-inclusive and

9    under-inclusive that it bears no reasonable relationship to membership in the class."

10   (ECF No. 96 at 6).  Defendant states that its email list consists of over 1.6 million email

11   addresses that were obtained from a variety of sources, including Ikea sign up forms,

12   the Ikea Family program, Ikea's website registration pages, Ikea in-store contests and

13   giveaways, and Ikea's partnerships with other media channels. *Id*. at 10-11. Defendant

14   explains that, "[c]lose to 1 million of these emails were obtained before the class

15   period" and that "... Ikea has no way to link any email in its possession with the

16   individual putative class members who have never been identified by name, or

17   otherwise." *Id*.

18           Under Rule 23, a court must "direct to class members the best notice that is

19   practicable under the circumstances, including individual notice to all members who can

20   be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).    "Where the

21   names and addresses of class members may be ascertained through reasonable efforts,

22   individual notice must be sent."  *Jermyn v. Best Buy Stores, L.P.*, No. 08 Civ.

23   00214(CM), at *2, 2010 WL 5187746 (S.D.N.Y Dec. 6, 2010) (citing *Eisen v. Carlisle*

24   *& Jacquelin*, 417 U.S. 156, 173 (1974)).  However, "if the names and addresses of class

25   members cannot be determined by reasonable efforts, notice by publication is sufficient

26   to satisfy the requirements of the due process clause and Rule 23." *Id*; *see also Mullane*

27   *v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317-18 (1950); *Johnson v. General*

28   *Mills, Inc.*, No. SACV 10-00061-CJC (ANx), 2013 WL 3213832, at *4 (C.D. Cal. June

17, 2013) (notice by publication is used when identity and location of class members cannot be determined through reasonable efforts); *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, No. 06-02069 SBA, 2008 WL 1990806, at *2 (C.D. Cal. May 5, 2008).

Notice to individuals is improper and not required by Rule 23 when it is overly broad or over-inclusive. *See In re Domestic Air*, 141 F.R.D. at 539 (court held that it was not necessary to send individual notice to all those on an over-inclusive list when there was no data which would enable the parties to determine who on the list was a class member); *In re "Agent Orange" Product Liab. Litig.*, 818 F.2d 145, 169 (2d Cir. 1987) (rejecting argument that individual mail notice should have been provided to all 2.4 million Vietnam Veterans, when "far fewer than that number were exposed to Agent Orange" and thus notice would have been "considerably overbroad"); *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1099 (5th Cir. 1977) (rejecting proposed list of individuals to receive class notice, including both class members and non-class members, as being over-inclusive and as helpful as a "telephone book").

In *Jermyn v. Best Buy Stores*, the Southern District of New York found that individual notice by email was improper because Best Buy's email list would provide notice to "an overinclusive group of individuals." 2010 WL 5187746, at *7. In *Jermyn*, a class was certified of customers who were denied the benefit of Best Buy's price match program. *Id.* Plaintiff proposed email notification to Best Buy's entire email list. *Id.* The court found that, "there is no link between customers who have shared their email addresses with Best Buy and customers who were denied a price match." *Id.* The court found that, "Jermyn's proposed email notice will provide *individual* notice to an overinclusive group of individuals.... [I]ndividual notice to an overinclusive group is not required by Rule 23." *Id.* (citing *e.g., In re "Agent Orange" Product Liab. Litig.*, 818 F.2d at 169). "The list of email addresses, while limited to New York, may not necessarily correspond to customers who were denied a valid price match." *Id.*

In this case, like in *Jermyn*, there is no link between individuals who may have provided their email addresses at some point between February 10, 2010 and February

28, 2011, and individuals who are members of the class. The list of 1.6 million individuals who gave Ikea their email addresses for a wide variety of purposes bears no reasonable relationship to the group of individuals whose zip codes were requested and recorded in conjunction with a credit card transaction. The Court concludes that notice by email is considerably overbroad, overinclusive, and not the best method "practicable under the circumstances" as required by Rule 23. Fed. R. Civ. P. 23(c)(2)(B). At this stage in the proceedings, before any liability has been found, the Court denies Plaintiffs' request to order notice by email to Defendant's list of over 1.6 email addresses.

## C.    Cost of Notice

Plaintiffs contend that, "Ikea should be solely responsible for the cost of providing notice." (ECF No. 95 at 10). Plaintiffs contend that even though plaintiff usually bears the cost of notice, the cost may be shifted after a showing of success on the merits. (ECF No. 95 at 9). Plaintiffs contend that, "there is no question that the Class claims have substantial merit." *Id*. Plaintiffs also contend that "the relative resources of the parties weigh in favor of shifting the cost of notice to Ikea." *Id*. at 10. Defendant contends that, "Plaintiff[s] must bear the cost of notice since there has been no decision on the merits which would warrant cost shifting." (ECF No. 96 at 7).

"The usual rule is that a plaintiff must initially bear the costs of notice to the class." *Eisen,* 417 U.S. at 178. The Ninth Circuit has found that "interim litigation costs, including class notice costs, may be shifted to defendant after plaintiff's showing of some success on the merits, whether by preliminary injunction, partial summary judgment, or other procedure." *Hunt v. Imperial Merchant Servs., Inc.*, 560 F.3d 1137, 1143 (9th Cir. 2009).

At this stage in the proceedings, before any liability has been found, the Court finds that the cost of notice should remain with Plaintiff. Plaintiff's request to order Defendant to bear the costs of notice is denied.

## III.   Conclusion

IT IS HEREBY ORDERED that the Amended Motion to Compel Notice to the

Certified Class filed by Plaintiffs (ECF No. 95) is GRANTED in part and DENIED in part.  Notice shall be provided to the Class in the manner agreed upon by the parties: (1) by the creation and maintenance of a website containing the Long-Form Notice, case information, and contact information for Class Counsel; and (2) by posting the In-Store Notice at the customer service desk located in each of Ikea's California retail stores. Plaintiffs' requests for (1) email notice by Ikea to all of its customers for whom Ikea has an email address, and (2) the posting of in-store notice at each point-of-sale register for 30 days, are DENIED.  Plaintiffs shall bear all costs associated with notice to the class.

DATED:  November 5, 2013

**WILLIAM Q. HAYES**
United States District Judge

11cv701 WQH (BGS)