# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REID YEOMAN and RITA MEDELLIN, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br>vs.<br>IKEA U.S. WEST, INC.; DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 11cv701 WQH (BGS)<br><br>ORDER |

HAYES, Judge:

On December 2, 2013, Plaintiff Rita Medellin filed a Motion to File Documents Under Seal Pursuant to Stipulated Protective Order. (ECF No. 133). Medellin seeks the permission of the Court to file under seal the unredacted Exhibit 'F' attached to the Declaration of Gene J. Stonebarger In Support of Plaintiff's Opposition to Motion to Exclude Ikea's "Process for Entering Zip Codes At the Register." *Id*. at 1. Medellin seeks the Court's permission pursuant to the Stipulated Protective Order (ECF No. 16) because the evidence quoted in the Declaration was designated "Confidential" by Defendant. *Id*. at 2. Plaintiff states that she "cannot articulate good cause for sealing the unredacted documents, but submits such documents for sealing pending good cause shown by Defendant." *Id*. at 2.

1    "Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation omitted). Except for documents that are traditionally kept secret, there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings, ... that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (quotation omitted). The presumed right to access to court proceedings and documents can be overcome "only by an overriding right or interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Oregonian Publ'g Co. v. U.S. Dist. Court*, 920 F.2d 1462, 1465 (9th Cir. 1990) (quotation omitted).

Plaintiff has not satisfied the "compelling reasons standard" as to the document she seeks to file under seal. In the absence of "compelling reasons," the Court cannot seal the document. The Court will not deny the Motion to File Documents Under Seal Pursuant to Stipulated Protective Order without providing the Defendant with an opportunity to meet the burden required to seal the document at issue.

IT IS HEREBY ORDERED that the Motion to File Documents Under Seal Pursuant to Stipulated Protective Order (ECF No. 133) remains pending before the Court. Defendant shall file supplemental materials in support of the request to seal no later than **ten (10) days** from the date this Order is filed.

DATED: January 15, 2014

**WILLIAM Q. HAYES**
United States District Judge