1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**SOUTHERN DISTRICT OF CALIFORNIA**

11
12

REID YEOMAN and RITA
MEDELLIN, on behalf of themselves
and all others similarly situated

CASE NO. 11cv701 WQH
(BGS)

13
14

Plaintiffs,

ORDER

vs.

15

IKEA U.S. WEST, INC.; DOES 1-50,
inclusive,

16
17

Defendants.

18
19

HAYES, Judge:

20

    The matter before the Court is the Motion in Limine to Exclude Ikea's Process

21

for Entering Zip Codes at the Register filed by Defendant Ikea U.S. West, Inc. ("Ikea").

22

(ECF No. 127).

23

    On March 2, 2011, Plaintiff Reid Yeoman initiated this action by filing a

24

Complaint in the Superior Court of California for the County of San Diego.  The

25

Complaint contained one claim for violation of the Song-Berverly Credit Card Act of

26

1971.  On April 6, 2011, the matter was removed to this Court by Defendant.

27

    On November 8, 2011, Plaintiff filed an Amended Complaint which added

28

Plaintiff Rita Medellin.  Plaintiffs allege that they purchased items from Ikea using their

credit cards. Plaintiffs allege that "[d]uring the credit card transaction[s], the cashier asked plaintiff[s] for [their] ZIP code and, believing [they were] required to provide the requested information to complete the transactions, [plaintiffs] provided it." (ECF No. 25 at 3). Plaintiffs allege that "Ikea systematically and intentionally violates the [Song-Beverly Credit Card Act of 1971] by uniformly requesting that cardholders provide personal identification information, including their ZIP codes, during credit card transactions, and then recording that information in their electronic database systems." *Id.* at 2.

On May 4, 2012, the Court issued an Order certifying the following Class:

> [A]ll persons from whom Ikea requested and recorded a ZIP Code in conjunction with a credit card transaction in California from February 16, 2010 through the date of trial in this action (the 'Class').

> Excluded from the Class are (i) transactions wherein personal information was required for a special purpose incidental but related to the individual credit card transaction, including, but not limited to, information relating to shipping, delivery, servicing or installation of the purchased merchandise, or for special orders; and (ii) transactions wherein a credit card issued to a business was used. Also excluded from the Class are the officers and directors of Defendant and of its corporate parents, subsidiaries and affiliates, or any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities, and the Court to which the matter is assigned.

(ECF No. 43 at 15). The May 4, 2012 Order stated, "Plaintiff has shown that Ikea has a uniform policy and practice of requesting personal identification information from customers during credit card transactions." *Id.* at 20. Specifically, the Court stated:

> Plaintiff has submitted the deposition of Bob Blum for Ikea who states that Ikea store point-of-sale computers in California contain the same 'ZIP code capture' function. (ECF No. 30-2 at 49). Blum states that a document titled 'Process for Entering Zip Codes at the Register' provides a 'quick run-through of a typical transaction and where it would prompt for ZIP code.' *Id.* at 50; *see also* ECF No. 30-2 at 6, document titled 'Process for Entering Zip codes at the register.' First, the cashier rings up the articles of merchandise. *Id.* Next, the 'cashier hits total.' (ECF No. 30-2 at 51). Next, a prompt comes up asking for the customer's ZIP code. *Id.* (explaining that the prompt is the same on all computers in California). Next, the 'cashier enters the customer's ZIP code or puts in a series of zeros if the customer does not want to give the ZIP code.' *Id.* at 51. Finally, the 'transaction is completed and the customer leaves.' *Id.*

*Id.* at 12. The Court also relied on the deposition of John Robinson, another employee of Ikea who described the "Process" in a similar manner. The Court concluded that,

"... Plaintiff has shown that common questions of law and fact predominate over other issues in this case on the grounds that Ikea's uniform policy and practice of requesting personal identification information from customers during credit card transactions can be evaluated to determine if the Song-Beverly Credit Card Act was violated." *Id.*

On September 7, 2012, Defendant filed the Motion to Decertify (ECF No. 51) on the grounds that individual issues predominate over common ones. (ECF No 51 at 13-19). Defendant argued that Ikea's procedures for entering ZIP codes "were demonstrably circumvented frequently" and whether an individual was actually requested to provide a ZIP code "can only be determined through individual trials." *Id.* at 15. On February 27, 2013, the Court issued an Order granting in part and denying in part the Motion to Decertify. (ECF No. 93). The Court modified the Class period to reflect the date on which Defendant ended its uniform policy of requesting ZIP codes, February 28, 2011. *Id.* at 16. The Court also excluded transactions conducted at self-checkout kiosks from the Class definition. *Id.* at 19. In all other respects, the Court denied Defendant's Motion to Decertify. The Court stated:

> Questions such as whether a ZIP code was actually requested and whether a credit card was actually used are not questions affecting individual members of the class because only credit-card paying customers from whom a ZIP code was requested meet the requirements for class membership. The possibility of a randomly entered ZIP code coincidentally matching the ZIP code of a customer from whom a ZIP code was not requested does not compel decertification of the class. The Court does not find the possibility of such a scenario constitutes an individual issue of fact predominating over issues of fact common to the class.

*Id.* at 21.

On November 7, 2013, Defendant filed the Motion in Limine to Exclude Ikea's Process for Entering Zip Codes at the Register. (ECF No. 127). On November 14, 2013, Defendant filed the Declaration of Michael A. Geibelson in Support of Early Hearing of Motion in Limine. (ECF No. 129). On November 15, 2013, Plaintiffs filed a response to Geibelson's Declaration. (ECF No. 131). On December 2, 2013, Plaintiffs filed an opposition to the Motion in Limine to Exclude Ikea's Process for Entering Zip Codes at the Register. (ECF No. 135). On December 9, 2013, Defendant

filed a reply.  (ECF No. 139).

## RULING OF THE COURT

Defendant requests "an Order precluding admission of Ikea's 'Process for entering Zip Codes at the register' (IKEA 000286, attached as Exhibit 'A'), on the ground that Federal Rule of Evidence 406 precludes admission of the 'Process' and evidence of the process to prove conformity with the process." (ECF No. 127-1 at 1-2). Defendant contends that its "Process for entering Zip Codes at the register" is not "evidence by which [P]laintiff may prove, on a common basis, the occurrence of requests for and the recording of ZIP codes at Ikea's registers" because "that process is more often *not* followed than followed." (ECF No. 127-1 at 6).  Defendant contends that Federal Rule of Evidence 406 prohibits the admission of Ikea's "Process for entering Zip Codes at the register" to prove conformity with that process on any particular occasion, because "it is not 'more probable than not that it would be carried out in every instance or in most instances.'" *Id.* (quoting *Weil v. Seltzer*, 873 F.2d 1453, 1460).  Defendant contends that "there is no other purpose for which the process could be relevant or admissible." *Id*.

Plaintiffs contend the "Process" is not "evidence in a vacuum of prior conduct and Plaintiff[s] [do] not intend on using it alone to prove that Ikea collected ZIP codes." (ECF No. 135 at 5).  Plaintiffs assert that they will seek to admit the Process as direct relevant evidence that will be corroborated by other evidence, of the procedure that Ikea's cashiers followed when they requested and recorded ZIP codes at the point of sale.  *Id*. at 6.  "Rather, Plaintiff[s] will prove through the testimony of Ikea's employees and corporate designees, transaction data, an employee handbook, and marketing reports, that Ikea requested and recorded [Plaintiffs'] and Class members' ZIP codes during credit card transactions, and when it did, it followed the Process." *Id*. at 11.  Plaintiffs further contend that "[t]o the extent some cashiers did not request customers' ZIP codes or did so infrequently is irrelevant to this case because only transactions in which a ZIP code was requested or recorded are a part of the Class." *Id*.

1    Federal Rule of Evidence 406 provides, "Evidence of a person's habit or an
2 organization's routine practice may be admitted to prove that on a particular occasion
3 the person or organization acted in accordance with the habit or routine practice.  The
4 court may admit this evidence regardless of whether it is corroborated or whether there
5 was an eyewitness."  Rule 406 is an exception to Rule 404, which provides, "Evidence
6 of a person's character or character trait is not admissible to prove that on a particular
7 occasion the person acted in accordance with the character or trait."  Rule 402 provides
8 that "Relevant evidence is admissible unless any of the following provide otherwise:
9 the United States Constitution; a federal statute; these rules; or other rules prescribed
10 by the Supreme Court.  Irrelevant evidence is not admissible."

11    In this case, Plaintiffs seek admission of Ikea's "Process for entering Zip Codes
12 at the register" in order to prove that "Ikea coded its cash register computers so that its
13 cashiers were prompted to request and record ZIP codes in accordance with the
14 procedure described in the Process, and that when Ikea's cashiers in fact requested and
15 recorded ZIP codes, they did so in accordance with that Process." (ECF No. 135 at 13).
16 At this stage in the proceedings, the Court cannot conclude that this evidence is not
17 relevant under Rule 402.  The Court finds that Defendant has not established that Rule
18 406, or any other authority, precludes the admission of the "Process for entering Zip
19 Codes at the register (IKEA 000286, Exhibit 'A')," at this stage in the proceedings.

20    IT IS HEREBY ORDERED that the Motion in Limine (ECF No. 127) is
21 DENIED without prejudice to object to specific evidence as it is presented at trial.
22 DATED:  February 20, 2014

23    _William Q. Hayes_
      **WILLIAM Q. HAYES**
24    United States District Judge

25

26

27

28