# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REID YEOMAN and RITA MEDELLIN, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>IKEA U.S.A WEST, INC. and DOES 1-25, Inclusive,<br><br>Defendant. | Case No.  11-cv-00701-BAS(BGS)<br><br>CLASS ACTION<br><br>**ORDER GRANTING MOTIONS TO SEAL**<br><br>(ECF Nos. 170, 192 and 212) |

Pending before the Court are three motions filed by Plaintiff Rita Medellin ("Plaintiff") to file documents under seal pursuant to a stipulated protective order. An Order Regarding Confidential and Trade Secret Information was issued in this case on August 29, 2011. (ECF No. 21 ("Protective Order").) Plaintiff seeks to file several documents under seal pursuant to the Protective Order in support of her motions *in limine*. Plaintiff contends that the documents contain information designated "Confidential" by Defendant IKEA U.S. West, Inc. ("Defendant"). (ECF No. 170 at p. 1; ECF No. 192 at p. 2; ECF No. 212 at p. 1.) Plaintiff asserts that she cannot articulate good cause for sealing the unredacted documents, but submits such documents for sealing pending good cause shown by Defendant.

1  (ECF No. 170 at p. 1; ECF No. 192 at p. 2; ECF No. 212 at p. 1.)

2  "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id*. (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Id*. at 1178–79.

Records attached to non-dispositive motions, however, are not subject to the strong presumption of access. *Id*. at 1179. Because the documents attached to non-dispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c). *Id*. (internal quotations omitted). A blanket protective order is not itself sufficient to show good cause for sealing particular documents. *See Foltz*., 331 F.3d at 1133 ("[A] party seeking the protection of the court via a blanket protective order typically does not make a 'good cause' showing required by Rule 26(c) with respect to any particular document."); *see also Kamakan*a, 447 F.3d at 1180 (requiring a "particularized showing" of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992).

The Protective Order in this case prohibits "[b]lanket designation of documents or information as Confidential without regard to specific contents of each document or piece of information." (Protective Order at ¶ 7.) Rather, "[t]he designation of any material as 'Confidential' pursuant to th[e Protective] Order shall constitute the verification of the Designating Party and its counsel that the material constitutes Confidential Information," which is defined to mean all

"documents and information provided in discovery that is Confidential pursuant to applicable law." (*Id*. at ¶¶ 3, 7.)

The Court has considered each of the documents the parties have designated for sealing and, for good cause appearing, **GRANTS** Plaintiff's motions to seal (ECF Nos. 170, 192 and 212). Accordingly, **IT IS HEREBY ORDERED** that the following documents shall be filed under seal:

(1) Unredacted version of Plaintiff's Memorandum of Points and Authorities in Support of Motion *In Limine* No. 4 to Exclude Witnesses Not Disclosed During Discovery;

(2) Exhibits 'Q' and 'S' to the Declaration of Gene J. Stonebarger in Support of Plaintiff's Motions *In Limine* Nos. 1 through 5 as Sealed Lodged Proposed Documents with this Motion;

(3) Unredacted Declaration of Gene J. Stonebarger in Support of Plaintiff's Opposition to Defendant IKEA U.S. West, Inc.'s Motion *In Limine* #1 to Bifurcate Trial;

(4) Unredacted Exhibit 'C' attached to the Declaration of Gene J. Stonebarger in Support of Plaintiff's Opposition to Defendant IKEA U.S. West, Inc.'s Motion *In Limine* # 1 to Bifurcate Trial;

(5) Plaintiff's Unredacted Opposition to Defendant IKEA U.S. West, Inc.'s Renewed Motion *In Limine* #2 to Exclude IKEA's "Process for Entering ZIP Codes at the Register" (IKEA 000286);

(6) Unredacted Exhibit 'A' attached to the Declaration of Gene J. Stonebarger In Support of Plaintiff's Opposition to Defendant IKEA U.S. West, Inc.'s Renewed Motion *In Limine* #2 to Exclude IKEA's "Process for Entering ZIP Codes at the Register" (IKEA 000286);

(7) Unredacted Exhibit 'F' attached to the Declaration of Gene J. Stonebarger In Support of Plaintiff's Opposition to Defendant IKEA U.S. West, Inc.'s Renewed Motion *In Limine* #2 to Exclude IKEA's

1           "Process for Entering ZIP Codes at the Register" (IKEA 000286);

2     (8)   Unredacted Exhibit 'G' attached to the Declaration of Gene J.
3           Stonebarger In Support of Plaintiff's Opposition to Defendant IKEA
4           U.S. West, Inc.'s Renewed Motion *In Limine* #2 to Exclude IKEA's
5           "Process for Entering ZIP Codes at the Register" (IKEA 000286);

6     (9)   Unredacted version of Plaintiff's Reply in Support of Motion *In
7           Limine* No. 4 to Exclude Witnesses Not Disclosed During Discovery;
8           and

9     (10)  Exhibits '2' and '3' to the Declaration of Gene J. Stonebarger In
10          Support of Reply in Support of Plaintiff's Motion *In Limine* No. 4 to
11          Exclude Witnesses Not Disclosed During Discovery.

12    **IT IS SO ORDERED.**

13

14    **DATED: August 18, 2014**

15                                                    Hon. Cynthia Bashant
                                                      United States District Judge